**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT E. WHITE, an individual, and all others similarly situated,<br><br>        Plaintiff-Appellant,<br><br>v.<br><br>SQUARE, INC., a Delaware corporation,<br><br>        Defendant-Appellee. | No.   16-17137<br><br>D.C. No. 3:15-cv-04539-JST<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Argued and Submitted March 14, 2018
Submission Withdrawn June 7, 2018
Resubmitted September 23, 2019
San Francisco, California

Before: PAEZ and IKUTA, Circuit Judges, and VITALIANO,[**] District Judge.

Plaintiff Robert E. White appeals the district court's dismissal of his claim

under California's Unruh Act based on lack of statutory standing. According to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Eric N. Vitaliano, United States District Judge for the Eastern District of New York, sitting by designation.

White's complaint, White visited Square's website intending to use its services, encountered terms and conditions that allegedly denied him equal access to its services, and then left the website without entering into an agreement with Square. *See White v. Square, Inc.*, 891 F.3d 1174, 1175-1176 (9th Cir. 2018). The district court held that White lacked standing under the Unruh Act, and White appealed. Because California law in this area was unsettled, we certified a question respecting this issue to the California Supreme Court, *see White v. Square, Inc.*, 891 F.3d 1174, which subsequently responded, *see White v. Square, Inc.*, 446 P.3d 276 (Cal. 2019).

Applying the California Supreme Court's ruling, the district court erred in concluding that White lacked statutory standing. White sufficiently alleged that he "visited the business's website, encountered discriminatory terms, and intended to make use of the business's services." *See White v. Square, Inc.*, 446 P.3d at 283. Accordingly, White has standing to pursue his Unruh Act claim. *Id*.

**REVERSED and REMANDED**